```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
JAMES JONES
                              *
      Plaintiff,
                              *
v.                                    CIVIL NO.: WDQ-05-1312
                              *
HEDWIN CORPORATION
                              *
      Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

James Jones has sued his former employer, Hedwin Corporation ("Hedwin"), for breach of contract under state law and age, race and sex discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.,* and 42 U.S.C. § 1981.  Pending are Hedwin's motions for summary judgment and to strike.  For the following reasons Hedwin's motion for summary judgment will be granted; its motion to strike will be denied as moot.

I.  Background

James Jones began work at Hedwin, a Maryland based manufacturer of plastic containers, in 1973.  Complaint, ¶ 15. Between April 2002, and March 2004, while working in Hedwin's Blow Molding Department, Jones was repeatedly warned about the

1

quality of his work.[1]  Def. Mot. for Summary Judgment, p. 3-4, Ex. 7-9.  In June 2004, Jones received a third written warning for sexually harassing a co-worker and was fired.[2]  Def. Mot. for Summary Judgment, p. 4, Ex. 10.

Jones brought suit in May 2005, alleging that: 1) he was fired because of his age (Count I); 2) his race (Counts II and III); 3) he was subjected to sex discrimination (Count IV); 4) Hedwin breached his employment contract by failing to abide by the policies enumerated in the Employee Handbook (Count V); and 5) Hedwin is estopped from denying the applicability of the Employee Handbook (Count VI).

Hedwin has moved for summary judgment arguing that: 1) Jones's claims for age and sex discrimination are time barred; 2) Jones has failed to make a *prima facie* case of sex, age or racial discrimination; 3) Hedwin has offered a non-pretextual reason for Jones's termination; 4) the Employee Handbook did not create a contract; and 5) even assuming a contract, Hedwin did not breach the contract.

---

[1] Jones was orally warned in April 2002 and received written warnings in October 2003 and March 2004.

[2] Hedwin contends that it is company policy that a worker who receives three written warnings in 12 months is subject to termination.  Nutter Affidavit, ¶ 5.

2

II.  Hedwin's Motion for Summary Judgment

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

A.   Age and Race Discrimination Claims

Jones alleges that he was fired because of his age (57) and his race (African-American).  Hedwin argues in response that Jones was fired because of his poor work performance.

When there is no direct evidence of discrimination, claims of age and racial discrimination under the ADEA, Title VII and § 1981 are evaluated under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *See Thompson v. Potomac Electric Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Caussade v. Brown*, 924 F.Supp. 693 (D.Md. 1996); *Huie v. University of Maryland Medical Center,* 2006 WL 197183, slip op. (D.Md. 2006).  Under *McDonnell Douglas* the plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802.  If the plaintiff can establish a *prima facie* case, the employer must show a non-discriminatory reason for its actions.  *Id.*  If the employer can show a legitimate reason for its actions, the plaintiff must then show that the employer's explanation is pretextual.  *Id.*

Even assuming that Jones's claims are timely and that he has established a *prima facie case* of discrimination, Hedwin has offered a non-discriminatory reason for Jones's termination.

Jones was orally warned about the poor quality of his work in April 2002 and received written warnings in October 2003 and March 2004.  Def.'s Motion for Summary Judgment, Ex. 7-9.  In a

4

formal evaluation issued in January 2004, Jones's quality of work was rated "below standard requirements." *Id* at Ex. 11.

In June 2004, Jones was accused of sexually harassing a co-worker. Sanders Affidavit, ¶ 5. Tracee Sanders, Hedwin's Manager of Human Resources, and Julius Wesson, Jones's supervisor, investigated the accusation, found it credible, issued Jones a third written warning and fired him on June 30, 2004. *Id* at ¶ 5-7. According to Hedwin, Jones was fired because he had received three written warnings within the previous 12 months. *Id* at ¶ 7.

Although Jones has asserted that his quality of work was good, that he was blamed for other employees' mistakes and that he never harassed his co-worker, he has offered no evidence that the Hedwin's proffered explanation was a pretext for discrimination. Accordingly, Hedwin's motion for summary judgment of Jones's claims for age and racial discrimination (Counts I, II and III of the Complaint) will be granted.

B. Sex Discrimination

In support of his claim for sex discrimination, Jones alleges that he was harassed by his supervisor Rose Perrin while working in Hedwin's Winliner Department and that this harassment created a hostile work environment in violation of Title VII. Hedwin argues, *inter alia,* that Jones's claim is time barred

5

because he did not file a charge with the EEOC within 300 days of the alleged discriminatory conduct.

An EEOC charge must be filed within 300 days of the date of the alleged unlawful employment practice. *E.E.O.C v. Hansa Products, Inc.*, 844 F.2d 191 (4th Cir. 1988); *Brown v. McKesson Bioservices Corp.*, 2006 WL 616021, slip op. (D.Md. 2006); *Lane v. Wal-Mart Stores East,* 69 F.Supp.2d 749 (D.Md. 1999). Failure to file timely charges with the EEOC bars a federal court action. *Ali v. State of Md.*, 48 F.3d 1215, slip op. (4th Cir. 1995); *Leskinen v. Utz Quality Foods, Inc.*, 30 F.Supp.2d 530 (D.Md. 1998).

Jones worked in the Winliner Department between December 2000 and March 2002, and he has not alleged that he was harassed after he was transferred out of the department. Def.'s Answers to Plaint.'s First Set of Interrogatories, p. 6. As Jones has not alleged that the conduct continued after March 2002, and did not file charges with the EEOC until December 23, 2004, he failed to file within 300 days of the alleged conduct. Accordingly, his claim is time barred.

C.  Breach of Contract

Hedwin's Employee Handbook provides that the company has a "warning system" for advising employees of performance deficiencies. Def.'s Mot. for Summary Judgment, Ex. 5, p. 28.

According to the Handbook, employees who receive more than three written warnings in a 12 month period can be terminated. *Id.* The Handbook also advises employees that the company will not tolerate sexual harassment and will conduct a "careful and thorough" investigation of any allegation of harassment. *Id* at p. 4.

Jones alleges that Hedwin failed to carefully and thoroughly investigate the allegations of sexual harassment and did not comply with the "warning system" policy before he was fired.[3] Hedwin argues in response that the Employee Handbook does not create a contract and that even if a contract was formed, it was not breached.

Although an employee handbook may create an implicit contract under Maryland law, no contract is formed when the handbook contains an explicit disclaimer. *Farasat v. Paulikas* 32 F.Supp.2d 244, 249 (D.Md. 1997); *Butler v. Westinghouse Elec. Corp.*, 690 F.Supp. 424, 429 (D.Md. 1987).

Hedwin's Handbook provides that: "although certainly not a contract, this employee Handbook is intended to advise you of certain Company policies and procedures."  Def.'s Mot. for Summary Judgment, Ex. 5, p. i.  Jones also signed a form acknowledging receipt of the Handbook and confirming that: "I

---

[3] Jones has also sued to estop Hedwin from denying the applicability of the Employee Handbook.

7

understand that the company's Employee Handbook does not and is not intended to create an employment contract, either express or implied, between the company and myself." *Id* at Ex. 15.

As Hedwin explicitly disclaimed that the Handbook created an employment contract, no contract was formed. Accordingly, Hedwin's motion for summary judgment of Jones's claim for breach of contract will be granted. Similarly, judgment will be granted on Jones's moot claim for estoppel.

III. Hedwin's Motion to Strike

Hedwin has moved to strike portions of Jones' declaration (attached to Jones's Opposition to the Motion for Summary Judgment). As the Court has granted Hedwin's motion for summary judgment on all counts of the Complaint, Hedwin's motion to strike will be denied as moot.

<u>May 17, 2006</u>                          _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge

8